IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ANDERSON,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC.   DOES 1 to 100, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No. 2:14-cv-02627-JAM-CKD<br><br>**Stipulated Protective Order** |

　　　The Court recognizes that at least some of the documents and information ("materials")  being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this  Protective Order ("Order") in this action.

　　　Plaintiff KENNETH ANDERSON (hereinafter "Plaintiff") and defendant HOME DEPOT U.S.A., INC. (hereinafter "Defendant") have stipulated to the following protective order:

　　　1.　　In response to Requests for Production of Documents served on Defendant by Plaintiffs, Defendant will produce documents which it considers proprietary.  Such documents may include manuals, policy statements, training videos, claims information, and inspection reports.  This Stipulated Protective Order, is intended to cover and apply to any and all documents produced by Defendant in this litigation, and any information contained in any of those documents (hereinafter referred to as "Confidential Material".)

2. Confidential Material produced pursuant to this Order may not be disclosed or made available to any person or entity other than Plaintiffs, their counsel (including the paralegal, clerical and secretarial staff employed by such counsel and working on this case), and experts or consultants retained by that counsel (subject to paragraph 3, below).

3. Prior to receiving any Confidential Material, any experts or consultants retained by plaintiffs' counsel shall be provided with a copy of this Order and shall execute a non-disclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for defendant.

4. Confidential Material may be used only in connection with the prosecution and defense of this action (U.S. District Court, Eastern District, Case No. 2:14-cv-02627-JAM-CKD), and not for any other purpose. Use of Confidential Material is permitted at depositions of parties or their experts or in motions filed with the court, subject to the requirements of paragraph 5.

5. In making use of any Confidential Material, counsel for Plaintiff is required by this protective order to make reasonable and good faith efforts to prevent the disclosure of any Confidential Material to any person or entity not specified in section 2., above. These efforts shall include taking steps to ensure that Confidential Material used during a deposition, in connection with a motion, or at trial is used under seal, or in some other manner which prevents its disclosure to any person or entity not specified in section 2., above. The parties agree to meet and confer in a good faith effort to address any issues related to the use of Confidential Material at depositions, in court filings, or otherwise.

6. Upon settlement of this action, or upon final judgment once each party's appellate rights have been exhausted or the time within which each party may exercise such rights has expired, Plaintiffs' counsel shall demand return of all copies of all Confidential Material from any persons to whom disclosure has been made under paragraph 2., above and shall return to defendant's counsel all copies of all Confidential Material which it has in its possession, including copies it returned by any persons to

whom disclosure has been made under paragraph 2., above.

7. Any disclosure of Confidential Material, other than is permitted by this protective order, shall be a contempt of court.

8. Defendant shall not be deemed to have waived any terms of this protective order, including this paragraph, except by express written waiver of counsel.

9. The terms of this order was reached without prejudice to later modification by agreement of the parties, or by order of the court upon a showing of good cause.

IT IS SO ORDERED.

Dated:  10/28/2015                                         /s/ John A. Mendez_____
                                                                       United States District Court Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ANDERSON,<br><br>                Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC.   DOES 1 to 100, inclusive,<br><br>                Defendants. | Case No.   2:14-cv-02627<br><br>**EXHIBIT A - AFFIDAVIT** |

    I, _____, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in the above-captioned case, a copy of which is attached to this Affidavit.

2. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any information designated as "Confidential" which has been shown or told to me except as authorized in the Protective Order. I will not use said information for any purpose other than this litigation.

3. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

4. I will abide by the terms of the Protective Order.

DATED: _____

_____
(Print name)

_____
(Signature)

_____
(Organization)

_____
(Telephone number)

Goodman Neuman Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

-1-
**ATTACHMENT A - AFFIDAVIT**